IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:99-CR-00049-F-1

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CLAUDE WENDELL BELLAMY, | ) | |
| Defendant. | ) | |

This matter is before the court on Claude Wendell Bellamy's Motion for Relief [DE-447]. In his motion, Bellamy argues that this court lacked subject matter jurisdiction, personal jurisdiction, and proper venue. Bellamy requests that this court's judgment be set aside, his conviction reversed, and this court order his immediate release from the Bureau of Prisons.

The relief Bellamy is seeking is identical to the relief he could obtain through a successful § 2255, and for this reason, the court will treat Bellamy's Motion for Relief as a motion brought pursuant to 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (holding that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.") Bellamy previously filed a § 2255 motion that was addressed on the merits and denied. *See* February 3, 2009 Order [DE-248]. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Bellamy has not provided any evidence that he has secured authorization from the Fourth Circuit Court of Appeals to file a successive § 2255; thus, this court is without jurisdiction to consider the merits of the present

successive § 2255 motion.

In light of the foregoing, Bellamy's Motion for Relief [DE-447] is DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This, the **2 0** day of September, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge